# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

ONE BAG OF SCALLORN
ARROWHEADS EXTRACTED FROM
FEDERAL LANDS LOCATED AT THE
HARRY S. TRUMAN LAKE PROJECT IN
HENRY COUNTY, MISSOURI,

     and

TWO PLASTIC TOTE BAGS, ONE METAL
BRIEFCASE, AND ONE EVIDENCE BAG
OF ARTIFACTS EXTRACTED FROM
FEDERAL LANDS LOCATED AT THE
HARRY S. TRUMAN LAKE PROJECT IN
HENRY COUNTY, MISSOURI

     Defendants.

Civil No.

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, R. Matthew Price, United States Attorney for the Western District of Missouri, and James Kirkpatrick, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.    This is an action to forfeit property to the United States under Title 16, United States Code, Section 470gg, for violations of Title 16, United States Code, Section 470ee(a), Unauthorized Excavation and Removal of Archaeological Resources from Public Lands.

2.      This case arises out of a criminal investigation into the unauthorized extraction of archaeological artifacts from a tract of public land around Harry S. Truman Lake recorded as 23HE1961 but known locally as the "Tightwad Site."  Johnny Lee Brown, the defendant in the criminal case—who passed away while the case was pending—extracted hundreds of Native American artifacts from the Tightwad Site without authorization, in violation of the Archaeological Resources Protection Act (ARPA).  The artifacts are hundreds of years old, and because they were extracted in violation of ARPA, they are subject to forfeiture to the United States for appropriate disposition.

## THE DEFENDANT IN REM

3.      The Defendant Property[1] consists of the following property that was seized from Johnny Lee Brown on June 14, 2022, in Clinton, Missouri, in the Western District of Missouri:

    a.  One bag of Scallorn arrowheads removed from the Tightwad Site that have been identified, with assistance from the Osage Nation, as Osage artifacts from when the tribe inhabited the area around what is now known as Harry S. Truman Lake;

    b.  Two plastic tote bags, one metal briefcase, and one evidence bag, which contain artifacts removed from the Tightwad Site.

The Defendant Property is presently in the custody of the U.S. Army Corps of Engineers in the Western District of Missouri.

---

[1] When identifying the "defendant property," this complaint refers to the artifacts contained within the containers that, by necessity, define the defendant property in the case caption.  For clarity, the containers described in the case caption have been used to sort the artifacts described in this complaint.

## JURISDICTION AND VENUE

4.　　This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 16 U.S.C. § 470gg(b).

5.　　This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, and under 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district.

6.　　Venue is proper in this district under 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district and under 28 U.S.C. § 1395, because the action accrued in this district and the defendant is found in this district.

## BASIS FOR FORFEITURE

7.　　The defendant property is subject to forfeiture under Title 16, United States Code, Section 470gg(b) because it consists of archaeological resources that were extracted in violation of subsection (a), (b), or (c) of section 470ee of Title 16, which renders it subject to forfeiture to the United States upon—

(1) such person's conviction of such violation under section 470ee of Title 16,

(2) an assessment of a civil penalty against such person under section 470ff of Title 16 with respect to such violation, or

(3) a determination by any court that such archaeological resources, vehicles, or equipment were involved in such violation.

## Background on the Protection of Archeological Resources

8.    As detailed below, this forfeiture suit is brought under 16 U.S.C. § 470ee(b)(3), because the defendant property consists of archaeological resources that "were involved" in a violation of ARPA, codified at 16 U.S.C. § 470 *et seq.*

9.    ARPA was enacted in 1979 in response to a Congressional finding that "archeological resources on public lands and Indian lands are an accessible and irreplaceable part of the Nation's heritage." Congress found that these resources are "increasingly endangered because of their commercial attractiveness" and that "existing Federal laws [did] not provide adequate protection to prevent the loss and destruction of these resources and sites resulting from uncontrolled excavations and pillage."

10.    ARPA defines an "archeological resource" as "any material remains of past human life or activities which are of archeological interest" that are "at least 100 years of age." Examples include pottery, weapons, weapon projectiles, and tools.

11.    ARPA prohibits the unauthorized excavation, removal, damage, alteration, or defacement of any archeological resource found on public lands or Indian lands.

## Background on the Site

12.    The Missouri State Historic Preservation Office (SHPO) carries out the national historic preservation program for the State of Missouri. SHPO has recorded a site near Harry S. Truman Lake as 23HE1961, which, as described above, is known locally as the Tightwad Site, due to its proximity to the nearby community of Tightwad, Missouri. The Tightwad Site is located on federal lands owned and managed by the United States Army Corps of Engineers (USACE) as the Harry S. Truman Lake Project. The Tightwad Site is located in Henry County, Missouri and

is fee-title land held by the United States, meeting the definition of "public lands" as defined in 16 U.S.C. § 470bb(3)(B). Henry County is within the Western District of Missouri.

13. Professional archeologists with the USACE have investigated, described, and recorded the Tightwad Site and submitted their findings to the SHPO. The USACE, in consultation with SHPO, determined the Tightwad Site is eligible for listing under "Criterion D" of the National Register of Historic Places. The geographic and topographic attributes of the Tightwad Site's location on an upland ridgetop are important, as is its location near the preexisting tributary streams of the South Grand River. Since the creation of the Harry S. Truman Lake, the Tightwad Site is now located on a peninsula in the lake and is protected by its elevation and not subject to lake inundation or erosion from wave action.

14. The Tightwad Site is a large prehistoric Native American site that dates to the Late Archaic Period (1,000–3,000 BC). USACE archaeologists have investigated the Tightwad Site thoroughly and described it as possessing dense concentrations of archaeological resources that extend from the ground surface to at least 15 inches in depth. These are archaeological resources further defined through Department of Defense-promulgated regulations at 32 C.F.R. 229.3(a). The dense concentrations of archaeological resources observed in the area indicate that the site was a location of intense prehistoric activity, being occupied as a camp site, stone processing site, or both. The depth to which concentrated artifacts and burned rock are found support the intact nature of the archeological deposits and further bolster the need for protection.

## FACTUAL ALLEGATIONS

15. In March of 2015, USACE staff received reports that individuals had been digging holes in the Tightwad Site. Based on the holes and the displaced soil, it was apparent to USACE archaeologists that archeological resources were likely being extracted.

16. On March 23, 2015, a USACE archeologist recovered scattered artifact pieces, a cigarette lighter, broken tools and a pair of brush trimmers near the location of the holes.

17. On June 13, 2016, USACE Rangers began deploying game cameras to conduct surveillance on the area. These and subsequent images were turned over to a Special Agent for the United States Fish and Wildlife Service (USFWS).

18. Based on the footage, on or about June 20, 2016, an individual named Johnny Lee Brown and a coconspirator drove into the tightwad site via a restricted road and excavated archaeological resources for more than an hour and a half. Brown and coconspirators did the same thing on June 28, July 24, and August 12, using similar methods.

19. On August 14, 2016, Rangers stopped Brown and a coconspirator near the Tightwad Site for illegally operating an ATV. Rangers recognized Brown from surveillance photos.

20. USFWS surveilled the Tightwad Site on a regular basis for the next several years for evidence of unauthorized excavation. Agents repeatedly identified Brown and coconspirators excavating from the Tightwad Site between May 2017 and April 2020. Over that timeframe, Brown and his coconspirators caused over $300,000 in damage to the Tightwad site.

21. On April 26, 2022, a federal grand jury in the Western District of Missouri returned an Indictment against Brown for, among other things, unauthorized excavation of archaeological resources in violation of ARPA. *See United States v. Johnny Lee Brown*, Case No. 22-00088-CR-W-BCW.

22. Brown was arrested on or about June 14, 2022. When he was arrested, agents discovered the Defendant Property in Brown's home. USACE archaeologists determined that the

Defendant Property includes[2] hundreds of archeological resources that are well more than 100 years old.  Archaeologists estimate that the most recent artifacts are around 500 years old, but many more are well older than 1000 years old.   Although the Defendant Property consists of many different archaeological resources, many are arrowheads.

23.     With assistance from the Osage Nation, the USACE and USFWS have identified a subset of the defendant property that trace back to when the Tightwad Site was controlled by the Osage tribe.   That property—a bag of Scallorn arrowheads that have been segregated from the rest of the defendant property—dates back roughly 500 to 1000 years.

24.     Brown died of natural causes, and his criminal case was dismissed before a judgment .   *United States v. Johnny Lee Brown*, Case No. 22-00088-CR-W-BCW, Dkt. 28.

## CLAIM FOR RELIEF

## FIRST CLAIM FOR RELIEF

25.     The Plaintiff repeats and incorporates by reference the paragraphs above.

26.     By the foregoing and other facts, the defendant artifacts are archaeological resources located  on public  lands or Indian  lands that were  excavated,  removed,  damaged,  or otherwise altered or defaced, or were attempted to be excavated, removed, damaged, or otherwise altered or defaced, in violation of 16 U.S.C. § 470ee, and therefore, are forfeited to the United States pursuant to 16 U.S.C. § 470gg(b).

WHEREFORE the United States prays that the defendant property be forfeited to the

---

[2] Although archaeologists have been able to confirm that much of the defendant property dates to Native American activity at the Tightwad site, it is impossible to confirm that for each and every artifact based on their conditions.   The United States still believes that such property is subject to forfeiture as being "involved in" an ARPA violation.   An alternative interpretation would present serious issues when it comes to an appropriate and respectful final disposition of the Defendant Property.

United States, that the plaintiff be awarded its costs and disbursements in this action, and for

such other and further relief as the Court deems proper and just.

Respectfully submitted,

**R. MATTHEW PRICE**
United States Attorney

By:  */s/ James Kirkpatrick*
James Kirkpatrick
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: James.Kirkpatrick@usdoj.gov

**<u>VERIFICATION</u>**

I, Special Agent <u>Jared Eatmon</u>, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Fish and Wildlife Service, that I have read the foregoing Verified Complaint <u>in Rem</u> and know the contents thereof, and that the factual matters contained in paragraphs <u>1</u> through <u>26</u> of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Fish and Wildlife Service.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated <u>03/13/2026</u>

JARED EATMON

Digitally signed by JARED EATMON
Date: 2026.03.13 14:34:52 -05'00'

Special Agent Jared Eatmon
US Fish and Wildlife Service